IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**BERNADINE DENISE B.,**

      **Plaintiff,**

v.                      CIVIL ACTION NO. 2:23-cv-114

**LELAND DUDEK,**
**Acting Commissioner of Social Security,**

      **Defendant.**

*MEMORANDUM OPINION AND ORDER*

Before the Court is Bernadine Denise B.'s[1] ("Plaintiff") Motion for Attorneys' Fees and Costs, Affidavit, and Memorandum in Support against Acting Commissioner of Social Security, Leland Dudek[2] ("the Commissioner"). ECF No. 20 ("Pl.'s Mot."); ECF No. 21 ("Pl.'s Aff."); ECF No. 22 ("Mem. Supp."). The Commissioner opposes the Motion. ECF No. 24 ("Resp. Opp'n"). Plaintiff replied. ECF No. 25 ("Reply"). After reviewing the parties' filings, this matter is ripe for judicial determination. For the reasons below, Plaintiff's motion is **GRANTED** in part and **DENIED** in part.

## I. FACTUAL AND PROCEDURAL HISTORY

On March 24, 2023, Plaintiff filed a Complaint against the Commissioner under 42 U.S.C. 405(g) to review a decision denying Plaintiff's application for Social Security disability benefits. ECF No. 1. On May 25, 2023, the Magistrate Judge ordered the parties to file briefs for the requested relief. ECF No. 8. The Magistrate Judge filed his Report and Recommendation ("R & R") on January 5, 2024, recommending that the Court affirm the ALJ's decision. R & R at 2. ECF No. 14. Plaintiff filed her Objection to the R & R on January 18, 2024. ECF No. 15. On

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to claimants only by their first names and last initials.
[2] Since the filing of the case, Leland Dudek was appointed the Acting Commissioner of Social Security. He is therefore automatically substituted as a party pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

1

January 25, 2024, the Commissioner filed a Response to Plaintiff's Objection. ECF No. 16. On June 24, 2024, the Court granted Plaintiff's Motion for Summary Judgment insofar as it sought remand of the Commissioner's decision, and the case was remanded to the Social Security Administration for a proper supportability analysis. ECF No. 17.

On September 20, 2024, Plaintiff filed a Motion for Attorney Fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412, an Affidavit in Support the Motion, and a Memorandum in Support of the Motion. ECF Nos. 20–22. Plaintiff seeks a $13,554.89 EAJA award. Mot. at 1; Pl.'s Aff. at 2.

## II. LEGAL STANDARD

Under the Equal Access to Justice Act ("EAJA"), a civil litigant who prevails against the United States is entitled to attorney's fees "unless the Court finds that the position of the United States was substantially justified or special circumstances make the award unjust." 28 U.S.C. § 2412(d)(1)(A). The Government carries the burden to show that its position was substantially justified. *Crawford v. Sullivan*, 935 F.2d 655, 658 (4th Cir. 2011). The civil litigant's assets also cannot exceed $2 million, and the judgment must be final. 28 U.S.C. § 2412. Additionally, a fee award under the EAJA must be "reasonable." 28 U.S.C. § 2412(b).

"Reasonableness is the touchstone of any award of attorneys' fees and expenses." *SunTrust Mortg., Inc. v. AIG United Guar. Corp.*, 933 F. Supp. 2d 762, 769 (E.D. Va. 2013) (quoting *E.I. DuPont de Nemours & Co. v. Kolon Indus., Inc.*, 2013 WL 458532, at *2 (E.D. Va. Feb. 6, 2013)). The fee applicant bears the burden of demonstrating the reasonableness of its fee request, *Kenney v. A Touch of Patience Shared Hous., Inc.*, 779 F. Supp. 2d 516, 525 (E.D. Va. 2011), and "providing sufficient detail in [its] records to explain and support [its] requests for fees and costs." *Andrade v. Aerotek, Inc.*, 852 F. Supp. 2d 637, 645 (D. Md. 2012). Indeed, "the party who seeks payment must keep records in sufficient detail that a neutral judge can make a fair evaluation of the time expended, the nature and

need for the service, and the reasonable fees to be allowed." *Hensley v. Eckerhart*, 461 U.S. 424, 441 (1983) (Burger, C.J., concurring).

To calculate an award for attorneys' fees, the Court must determine a "lodestar fee." *Brodziak v. Runyon*, 43 F.3d 194, 196 (4th Cir. 1998); *Grissom v. The Miller Corp.*, 549 F.3d 313, 320-21 (4th Cir. 2008). The Supreme Court has stated there is a "strong presumption" that the lodestar figure represents a reasonable attorney's fee, which may be overcome only "in those rare circumstances in which the lodestar does not adequately take into account a factor that may properly be considered in determining a reasonable fee." *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 553–54 (2010).

The lodestar fee is calculated by multiplying the number of reasonable hours expended times a reasonable rate. *Id.* In determining the reasonable hours expended and a reasonable hourly rate, the Fourth Circuit held that the *Johnson* factors must be applied. *See Daly v. Hill*, 790 F.2d 1071, 1077 (4th Cir. 1986). These factors include:

> (1) the time and labor required;
> (2) the novelty and difficulty of the questions;
> (3) the skill requisite to properly perform the legal service;
> (4) the preclusion of other employment by the attorneys due to acceptance of the case;
> (5) the customary fee;
> (6) whether the fee is fixed or contingent;
> (7) time limitations imposed by the client or the circumstances;
> (8) the amount involved and the results obtained;
> (9) the experience, reputation, and ability of the attorneys;
> (10) the "undesirability" of the case;
> (11) the nature and length of the professional relationship with the client; and
> (12) awards in similar cases.

*Id.* at 1075 n.2 (citing *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)); *see also Trimper v. City of Norfolk, Va.*, 846 F.Supp. 1295, 1303 (E.D.Va.1994), *aff'd*, 58 F.3d 68 (4th Cir.1995) ("there is no strict manner in which the factors are to be considered and applied.").

In addition, district courts "should exclude from [the] initial fee calculation hours that were not 'reasonably expended.'" *Hensley*, 461 U.S. at 434 (quoting S. Rep. No. 94-1011, at 6 (1976)). Further,

"[h]ours that are not properly billed to one's client also are not properly billed to one's adversary pursuant to statutory authority." *Id.* at 434 (quoting *Copeland v. Marshall*, 641 F.2d 880, 891 (D.C. Cir. 1980)). The Fourth Circuit has held "[a] fee based upon reasonable rates and hours is presumed to be fully compensatory without producing a windfall." *Daly*, 790 F.2d at 1078.

### III. DISCUSSION

Plaintiff seeks $13,442.89 in attorneys' fees for 55.1 hours of attorney work and $112.00 for paralegal work for 1.4 hours of paralegal work, totaling $13,554.89.[3] Plaintiff argues that she sufficiently pleads the "not substantially justified" element and that the Commissioner now shoulders the burden. Mem. Supp. at 2. The Commissioner argues that their position was substantially justified. Resp. Opp'n at 1. The Commissioner argues that because the Magistrate Judge rejected Plaintiff's arguments and recommended the Court affirm the Commissioner's final decision in full, the Commissioner's position was reasonable. *Id.* at 1–2. The Commissioner further argues that, even if the position was not substantially justified, the amount of Plaintiff's attorney fees should be "significantly reduced." *Id.* at 2. Finally, the Commissioner argues that the fees Plaintiff requests are unreasonable and excessive. *Id.* Plaintiff argues that Plaintiff's fees should not be reduced based on the Commissioner's partial success, and requests that the Court grant additional fees for time spent preparing the reply. Reply at 1, 13.

Plaintiff has met the other requirements of the EAJA. Namely, Plaintiff prevailed, had net assets less than two million dollars, and the case concluded with a final order. Pl.'s Aff. and Waiver of Direct Payment, ECF No. 21-5. The Commissioner does not dispute such. *See* Resp. Opp'n. Therefore, the threshold issue is whether the Commissioner's position is substantially justified.

---

[3] Plaintiff asserts that the Attorney Consumer Price Index ("CPI") rates for 2023 and 2024 are different. *See* Pl.'s Aff. at 2. Plaintiff seeks 47.6 hours of attorney work at $243.13 per hour for work completed in 2023. *Id.* Plaintiff seeks 7.5 hours of attorney work at $249.32 per hour of work completed in 2024. *Id.* This results in a total EAJA attorneys' fee request of 13,442.89. *See id.* After adding 1.4 hours of paralegal hours at $80 per hour, Plaintiff seeks a total EAJA request of $13,554.89. *Id.*

4

Accordingly, the Court will begin its analysis there. For the reasons stated below, the Commissioner's position is not substantially justified.

### A. Substantial Justification

The Commissioner argues Plaintiff is not entitled to any attorneys' fees because the Commissioner litigated a substantially justified position in defense of the ALJ's decision. Resp. Opp'n at 8. The Commissioner contends that the position had a reasonable basis in fact and law and was based on an arguably defensible administrative record. *Id.* at 9. The Commissioner argues that even though the Court disagreed with the Magistrate Judge's conclusion regarding the ALJ's supportability analysis, this does not mean the Commissioner's position was unjustified. *Id.* at 10.

Plaintiff argues that the only support the Commissioner provides is the Magistrate Judge's R & R. Reply at 2. Plaintiff argues that this is but one factor for the Court to consider. *Id.* Plaintiff further argues that the Court reviewed the R & R *de novo*, and the R & R carries "no presumptive weight." *Id.* Plaintiff argues that this case is closely analogous to another case from this District in which the Commissioner relied on a favorable R & R to claim substantial justification. *Id.* at 3.

To determine whether a position is substantially justified, a court "examine[s] the totality of the circumstances rather than engaging in an issue-by-issue analysis of the government's posture throughout each phase of the litigation." *Perez v. Jaddou*, 31 F.4th 267, 270 (4th Cir. 2022) (citing *Roanoke River Basin Ass'n v. Hudson*, 991 F.2d 132, 139 (4th Cir. 1993) (internal quotation marks omitted). A party's posture on individual matters may be more or less justified, but the EAJA favors treating a case as an inclusive whole, rather than as atomized line-items. *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 161–62 (1990).

A substantially justified position must have a "reasonable basis in law and fact." *United States v. 515 Granby, LLC*, 736 F.3d 309, 315 (4th Cir. 2013). The Commissioner need not prevail

in an action for its position to have been substantially justified. *Meyer v. Colvin*, 754 F.3d 251, 255 (4th Cir. 2014). Generally, the Government's position is substantially justified where it relies on "an arguably defensible administrative record." *Guthrie v. Schweiker*, 718 F.2d 104, 108 (4th Cir. 1983). "Congress intended to address governmental misconduct whether that conduct preceded litigation" or "occurred in the context of an ongoing case through prosecution or defense of unreasonable positions." *Roanoke River Basin Ass'n*, 991 F.2d at 138.

The Government argues that the Magistrate Judge's "assessment 'demonstrates that reasonable people could differ as to the appropriateness of the contested argument' and that the Commissioner's position was reasonably based upon an arguably defensible administrative record." Resp. Opp'n at 10. This is the only reason the Government provides to support its argument that its position is substantially justified. *See id.* at 8–10. But the Magistrate Judge's assessment of the Government's position is but one factor in determining substantial justification. *See United States v. Paisley*, 957 F.2d 1161, 1167 (4th Cir. 1992) (Government litigation position "merits decisions... whether intermediate or final, cannot, standing alone, determine the substantial justification issue."). The Magistrate Judge's assessment is not dispositive. *See id.*

"The separation of powers doctrine requires administrative agencies to follow the law of the circuit whose courts have jurisdiction over the cause of action." *Hyatt v. Heckler*, 807 F.2d 376 (4th Cir. 1986). Where the Government fails to "follow the law of the circuit" a claimant is entitled to attorneys' fees. *Crawford*, 935 F.2d at 658 (citing *Hyatt v. Heckler*, 807 F.2d 376). Non-acquiescence to Fourth Circuit law cannot be substantially justified in law. *Thompson v. Sullivan*, 980 F.2d 280, 283 (4th Cir. 1992). Under 20 C.F.R. § 404.1520c, "when determining the persuasiveness of medical opinions, an ALJ must consider" supportability and consistency, among

other factors. *Oakes v. Kijakazi*, 70 F.4th 207, 212 (4th Cir. 2023). The supportability and consistency factors are most important. 20 C.F.R. § 404.1520c(b)(2).

The Court found that the ALJ failed to adequately explain the supportability factor. Mem. Op. at 8. The Court concluded that the ALJ's limited mention of this factor and generic reference to the record did not allow the Court to "meaningfully review" his conclusion. *Id.* The Court further concluded that the ALJ failed to build a logical bridge between his supportability analysis and conclusion that the Shaubell-Vanbrunt opinion was unpersuasive. *Id.*

The Commissioner's position in law was unreasonable because it reflects a "non-acquiescence in the law of the circuit" which requires a proper supportability analysis. *Crawford*, 935 F.2d at 658; *Oakes v. Kijakazi*, 70 F.4th at 212. This non-acquiescence "entitles the claimant to recover attorney fees." *Crawford*, 935 F.2d at 658. Therefore, Plaintiff is entitled to attorney fees.

**B. Reduction of Fees**

The Commissioner argues that even if Plaintiff is entitled to attorneys' fees, the Court should reduce the fees because the Commissioner was substantially justified on the remaining issues in the litigation. Resp. Opp'n at 11. Specifically, the Government argues that because the Court ruled in the Government's favor regarding (1) the ALJ's analysis of the consistency factor, (2) the ALJ's function-by-function analysis, and (3) the ALJ's duty to develop the record, the Commissioner should not be held liable for the attorneys' fees related to these portions of the litigation. *Id.* at 11–12. The Commissioner argues that lower courts have denied and reduced EAJA fees when the plaintiff prevailed on one of several issues. *Id.* at 11.

Under this Court's controlling precedent, "[t]he extent of a plaintiff's success is an important factor to consider when determining the reasonableness of the fees" a plaintiff requests.

*Hyatt v. Barnhart*, 315 F.3d 239, 254 (4th Cir. 2002) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 440 (1983)). "Unsuccessful claims that are 'distinct in all respects' from the claims upon which the plaintiff prevailed 'should be excluded in considering the amount of a reasonable fee.'" *Id.* (quoting *Hensley*, 461 U.S. at 440). By contrast, when there are related claims, and "where the plaintiff achieved only limited success, the district court should award only that amount of fees that is reasonable in relation to the results obtained." *Hensley*, 461 U.S. at 440.

The Commissioner cites *Vaughan v. Colvin*, No. 3:13-cv-589-HEH, 2015 WL 1402153 (E.D. Va. Mar. 25, 2015) as an example of a district court reducing an EAJA fee where a plaintiff fails on several claims. The Commissioner argues that the Court should reduce Plaintiff's attorneys' fees because here, like in *Vaughan*, the Commissioner prevailed on most of his claims. Resp. Opp'n at 11–12. True, the commissioner in *Vaughan* prevailed on two of the three claims it pursued against the plaintiff. 2015 WL 1402153 at *7. But the court in *Vaughan* concluded that "the litigation position of the government was reasonable, and Plaintiff is not entitled to attorney's fees." *Id.* at *3. *Vaughan* is unpersuasive because the reduction, rather the denial, of Plaintiff's attorneys' fees was based on the court's conclusion that "the position of the United States was thus substantially justified under 28 U.S.C. 2412(d)(1)(A)." *Id.* The court's holding in *Vaughan* was predicated on the government's substantially justified litigation position. *See id.* Here, the Court concluded that the Commissioner's position was not substantially justified. Therefore, *Vaughan* does not support the Commissioner's argument that Plaintiff's attorneys' fees should be reduced because the Commissioner prevailed on three of four issues.

As another example, the Commissioner cites *Barrow v. Colvin*, No. 4:14-CV-137-FL, 2016 WL 632446 (E.D.N.C. Feb. 17, 2016). In *Barrow*, the court excluded a portion of the plaintiff's claimed hours that were not attributable to the unjustifiable positions the government took. *Id.* at

*4. There, the court noted that plaintiff was successful on one of four claims and considered the nature and proportion of the unsuccessful claims. *Id.* The court in *Barrow* noted that because "claims 3 and 4 are not related to claims 1 and 2, and given that they were wholly unsuccessful, the court finds that fees claimed reasonably must be reduced in proportion to take into account these unsuccessful claims." *Id.* (citing *Hensley*, 461 U.S. at 440 and *Hyatt*, 315 F.3d at 254).

The parties present two different perspectives on the number of Plaintiff's successful and unsuccessful claims. The Government argues that there are a total of four claims: (1) the ALJ's analysis of the supportability factor, (2) the ALJ's analysis of the consistency factor, (3) the ALJ's function-by-function analysis, and (4) the ALJ's duty to develop the record. Resp. Opp'n at 11. The Government contends that Plaintiff was unsuccessful on the latter three claims. *Id.* The Government further argues that these three issues constituted most of Plaintiff's entire argument. *Id.* The Commissioner submits that "a reduction of at least fifty percent is warranted based on the proportion of Plaintiff's briefing that was dedicated to losing arguments." *Id.* at 12.

Plaintiff argues that only two major issues were raised in initial briefing. Reply at 5. Plaintiff further argues that of the three issues raised in objection to the R&R, two of them are related to one another, and a subset of one of the larger issues raised in the initial briefing. *Id.* Plaintiff argues that the government's position is unreasonable, and Plaintiff should be reimbursed in full. *Id.*

Assume there were four issues raised here. It cannot be said that the issues Plaintiff was unsuccessful on are "distinct in all respects" from the issue in which Plaintiff prevailed. Each issue is related to Plaintiff's main contention: "[t]he ALJ's RFC determination was not supported by substantial evidence." Mem. Supp. Appeal at 1, ECF No. 11. All four issues relate to the Shaubell-Vanbrunt opinion in one way or another. Supportability and consistency are directly related to the

ALJ's evaluation of the Shaubell-Vanbrunt opinion. And in Plaintiff's objections, Plaintiff argued that the ALJ could not have properly evaluated the Shaubell-Vanbrunt opinion without evaluating the illegible portion and thus failed to properly develop the record. Pl.'s Obj. at 5–6. Finally, if the Court concluded, as Plaintiff argued, that the ALJ had not properly developed the record, the ALJ would not have conducted a proper function-by-function analysis. Indeed, ALJs are required to "consider all of the claimant's 'physical and mental impairments, severe or otherwise, and determine, on a function-by-function basis, how the affect [her] ability to work.'" *Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019) (internal citation omitted). These issues are all related to one another. For these reasons, *Barrow* is likewise unpersuasive.

Because each of the issues Plaintiff raised are related and Plaintiff had limited success, the Court turns to the "amount of fees that is reasonable in relation to the results obtained." *Hensley*, 461 U.S. at 440. Though the Court adopted in part and rejected in part the Magistrate Judge's R&R, remanding the case for further proceedings on the supportability analysis alone, the Court remanded the case nonetheless. Whether Plaintiff prevailed on one of the four issues here or three of them, the result was the same: remand. Thus, the Court will not reduce Plaintiff's attorneys' fees under the theory that the Commissioner was substantially justified on the remaining issues in the litigation.

### C. Reasonableness of Attorneys' Fees

Plaintiff' counsel argues that they spent a total of 56.5 hours litigating this case. Pl.'s Aff. at 2. "This hourly total must be multiplied by a 'lodestar rate,' which is the prevailing market rate for the services rendered." *Guidry*, 442 F. Supp. 2d. at 295. Plaintiff proposes rates of $243.13 and $249.32 per hour for 2023 and 2024 respectively. *See* Pl.'s Aff. at 2. These rates are reasonable

given this information Plaintiff provided. *See Id.* The Commissioner does not dispute such.[4] *See* Resp. Opp'n at 1–2, 8–20. Therefore, the Court finds no reason to reduce Plaintiff's proposed rates.

The Commissioner argues that the Court should significantly reduce Plaintiff's attorneys' fees because they are excessive and unreasonable. Resp. Opp'n at 12. The Commissioner raises six arguments for this proposition: (1) Plaintiff raised common and non-complex issues, (2) Plaintiff's fee request includes impermissibly vague time entries, (3) Plaintiff's fee request includes improper block billing, (4) Plaintiff's fee request includes unnecessary duplication of efforts, (5) Plaintiff's fee request includes clerical and other non-compensable work, and (6) Plaintiff's fee request significantly exceeds EAJA awards in comparable cases. *Id.* at 12–20.[5]

### i. Common and Non-Complex Issues

The Commissioner argues that Plaintiff's EAJA request is excessive and unreasonable because her briefing raised common and non-complex issues. Resp. Opp'n at 12. The Commissioner argues that Plaintiff's claim of over forty hours of time reviewing the record and drafting the opening brief suggests that the fees are unreasonably high. *Id.* at 13. The Commissioner provides several cases in which this Court has reduced fees for excessive review of administrative records. *Id.* The Commissioner contends that because Plaintiff relied on prior research, the issues are not novel or complex and fees should be reduced. *Id.* at 14.

Plaintiff argues that while the issues may be commonly raised, they still require skilled application of facts to law. Reply at 6. She avers that this fact intensive matter required review of and citation to portions of the entire record. *Id.* Plaintiff further argues that because the ALJ,

---

[4] The Court notes that while the Commissioner does not dispute the reasonableness of the rate, it is common practice for a party seeking attorneys' fees to submit an affidavit from a local attorney familiar with social security cases to corroborate the reasonableness of the rate. No such affidavit exists here. Nevertheless, the Court will not disturb Plaintiff's proposed rate.
[5] Considering the Court's holding on the first five issues, the Court will not address whether Plaintiff's fee request significantly exceeds EAJA awards in comparable cases.

11

Appeals Council, the Commissioner, and the Magistrate Judge all erred there is nothing unreasonable about the time billed for fully briefing this matter. *Id.*

Courts have recognized that twenty to forty hours is a reasonable time to spend on a typical social security case. *Martin v. Kijakazi*, 689 F. Supp. 3d 218, 230 (E.D. Va. 2023). Plaintiff is seeking 21.5 hours of attorney time related to reviewing the certified administrative record, taking notes, organizing facts, reviewing briefs, and drafting a reply. *See* Pl.'s Aff., Ex. B at 2. Plaintiff argues that these issues required skilled application of facts to law. Reply at 6. But in the absence of evidence that suggests that these issues required "particular skill above and beyond that of an ordinary attorney in the field," the Court concludes that these issues are "neither novel nor difficult." *Id.* (internal citation omitted). Awarding Plaintiff for time exceeding what this Court has deemed reasonable in a typical case is unwarranted. Plaintiff's fee of 21.5 hours simply to review the record, organize notes, review briefs, and draft a reply is within the range of presumptive reasonableness for the entirety of a social security case. *See id.* And, as the Court will address more extensively below, this grouping of tasks does not allow the Court to determine the reasonableness of the entries.

### ii. Impermissibly Vague Time Entries and Improper Block Billing

Next, the Commissioner argues Plaintiff's fee request in vague and that Plaintiff engaged in improper block billing. Resp. Opp'n at 14, 15. The Commissioner argues that Plaintiff does not properly specify what portions of the administrative record were under review. *Id.* at 14.The Commissioner argues that this lack of specificity makes it difficult for the Court to assess the reasonableness of the entries. *Id.*

Plaintiff asks the Court to reconsider its position that counsel should attempt to document the time spent on each individual issue within a case and time spent on each section of record

review. Reply at 8–9. Plaintiff contends that timesheets reflect individual tasks and the time associated with note taking and organizing for those individual tasks. *Id.* at 9. Plaintiff further argues that she did not engage in block billing because the issues are reasonably grouped together because the tasks are related to one another. *Id.* at 11.

As the Court noted above, it is unclear how much time was spent reviewing the certified administrative record ("CAR"), taking notes, and organizing facts, and how much time was spent drafting briefs. Of the 21.5 hours Plaintiff requests that has an entry involving review of the administrative record, it is not apparent how many hours are dedicated to tasks other than reviewing the record. On one end of the spectrum, if most of those hours were dedicated solely to reviewing the record, it is almost certainly excessive. On the other end of the spectrum, if tasks other than reviewing the record took most of the time, they should be separate entries.

Take Plaintiff's entry of 4.5 hours for "Review CAR, briefs, draft Plaintiff's reply brief" as an example. These are vastly different tasks, and it is not clear how long was spent on each. And it is unclear how much time Plaintiff spent reviewing the CAR from prior entries. *See* Pl.'s Aff, Ex. B. Taken together, the Court cannot tell how much time was spent reviewing the record, reviewing briefs, taking notes, or organizing facts. Plaintiff has prevented the Court from making "an accurate determination of the reasonableness of the time expended in the case." *Guidry v. Clare*, 442 F. Supp. 2d. 282, 294 (E.D. Va. 2006).

Plaintiff's billing entries "provide[] a proper basis for reducing the fee award." *Courthouse News Serv. v. Schaefer*, 484 F. Supp. 3d 273, 279 (E.D. Va. 2020) (quoting *Guidry*, 442 F. Supp. 2d. at 295). The reduction can be accomplished either "(i) by identifying and disallowing specific hours that are not adequately documented, or (ii) by reducing the overall fee award by a fixed percentage or an amount based on the trial court's familiarity with the case, its complexity and the

counsel involved." *SunTrust Mortg., Inc. v. AIG United Guar. Corp.*, 933 F. Supp. 2d 762, 777 (E.D. Va. 2013) (citing *Guidry*, 442 F. Supp. 2d. at 294).

The Court finds that the billing related to reviewing the CAR is excessive and likely duplicative. Plaintiff's counsel spent 38.6 hours, nearly an entire work week, just reviewing the CAR and drafting the memorandum in support of an appeal.

For the reasons stated above, the entries that "lump" Plaintiff's review of the CAR, note taking, organizing notes, reviewing briefs, and drafting Plaintiff's reply brief together are not adequately documented. *See Guidry*, 442 F. Supp. 2d. at 294. They are therefore disallowed. *See Id.* Thus, the Court will reduce Plaintiff's request by 21.5 hours of attorney time.

iii. **Unnecessary Duplication of Efforts and Clerical and Other Non-Compensable Work**

The Commissioner also argues that Plaintiff's fee request is excessive because Plaintiff's time entries indicate a duplication of effort given the number of timekeepers involved in the review of the CAR and briefing. Resp. Opp'n at 16.

Courts "award fees for the time of one attorney when an issue does not require the attention of multiple lawyers" to avoid a fee award for duplicative and unnecessary work. *Cox v. Reliance Std. Life Ins. Co.*, 179 F. Supp. 2d. 630, 636 (E.D. Va. 2001). Given the number of timekeepers in this case, there is likely an overlap and duplication of effort. Additionally, local counsel's review of the case is not compensable. *Cf. Martin v. Kijakazi*, 689 F. Supp. 3d at 228; *see also Bradford v. Colvin*, No. WMN-14-2016, 2015 WL 5895795, at *4 (D. Md. Oct. 5, 2015) (holding that Plaintiff "is permitted to select an out-of-state counsel... but the cost of that decision should not be passed to the Commissioner by way of duplicative legal fees.").

But the Commissioner's suggestion that reviewing other attorney's work is duplicative or unnecessary is misplaced. It is prudent for attorneys to review their work product. It may be even

more prudent to have another attorney review the attorney's work product. Whether it is the attorney themselves reviewing it, or another attorney, it is important to do so before filing it. Therefore, the Court will deduct .7 attorney hours: .2 hours for local counsel's review of documents and briefs,[6] and .5 hours for duplication of effort in reviewing the record. *See* Pl.'s Aff.

The Commissioner challenges time entries that the Commissioner contends are clerical and other non-compensable work. Resp. Opp'n at 17. Specifically, the Commissioner takes issue with the following entries: "0.1 hour of attorney time to '[r]eview motion for leave to proceed in forma pauperis,' 0.1 hour of attorney time to '[r]eview initial case documents and file for co-counsel (n/c for filing),' 0.1 hour of attorney time to '[r]eview initial case assignment to' the undersigned and the Magistrate Judge, and 0.3 hour of attorney time to '[d]raft complaint [and] civil cover sheet (charge for complaint only).'" *Id.* (citing ECF No. 21-2 at 2). Three of these four entries are reasonable. But the entry to review the initial case assignment is a clerical task. "[C]ourts in this circuit have determined that because purely clerical tasks are ordinarily a part of a law office's overhead, (which is covered in the hourly rate), they should not be compensated for at all." *Two Men & A Truck/Int'l, Inc.*, 128 F. Supp. 3d 919, 929 (E.D. Va. 2015). Accordingly, the Court will deduct 0.1 hours from time spent reviewing the initial case assignment. Pl.'s Aff. at 1.

The Court concludes that Plaintiff's counsel spent the following amount of time on this matter:

---

[6] One entry of .1 hours of local counsel time took place in 2023. Pl.'s Aff. at 1. The other entry of .1 hours of local counsel time took place in 2024. Accordingly, .1 hours are reduced from the 2023 time and .1 hours are reduced from the 2024 time.

| | Rate | Requested Time | Fee Request | Time After Reductions | Fee Award |
|---|---|---|---|---|---|
| 2023 Attorney | $243.13 | 47.6 hours | $11,572.99 | 25.4 hours | $6,175.50 |
| 2024 Attorney | 249.32 | 7.5 hours | $1,869.90 | 7.4 hours | $1844.97 |
| Paralegal | $80 | 1.4 hours | $112.00 | 1.4 hours | $112.00 |
| Total | | 56.5 hours | $13,554.89 | **34.2 hours** | **$8,132.47** |

## IV. CONCLUSION

For the reasons stated herein, Plaintiff's Motion for Attorney's Fees and Expenses is **GRANTED** in part and **DENIED** in part. ECF No. 20. The request to approve $13,554.89 in attorneys' fees is **DENIED**. After reviewing the motion, the Court finds it appropriate to reduce the fee request. The Court hereby **APPROVES** $8,020.47 in attorneys' fees and $112.00 in paralegal fees, for a total of $8,132.47.

The Court **DIRECTS** the Clerk to provide a copy of this Memorandum Opinion and Order to counsel and parties of record.

**IT IS SO ORDERED.**

Norfolk, Virginia
April 9, 2025

Raymond A. Jackson
United States District Judge